DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Troy A. Elswick, appeals the judgment of the Medina County Court of Common Pleas denying his motion to withdraw his plea. We affirm.
 I. {¶ 2} Appellant was indicted on May 4, 1999 on one count of tampering with evidence in violation of R.C. 2921.12 and one count of involuntary manslaughter in violation of R.C. 2903.04. Appellant pled no contest to both counts on August 6, 1999. On September 17, 1999, Appellant was sentenced to four years imprisonment for each count, to run consecutively, and received a lifetime driving suspension. Appellant filed a motion to withdraw his plea on September 29, 2003. The trial court denied Appellant's motion on October 16, 2003, and Appellant timely appealed. However, Appellant also sought to raise issues concerning his original conviction and sentence. On January 16, 2004, this Court denied Appellant's motion to file a delayed appeal. As such, this appeal is limited to the denial of Appellant's motion to withdraw his plea.
 II. {¶ 3} Appellant has asserted five assignments of error. However, as previously noted, we will only address issues relating to the denial of Appellant's motion to withdraw his plea. Therefore, this Court will not address Appellant's first, third, or fourth assignments of error.
 ASSIGNMENT OF ERROR NUMBER TWO
"The lower court erred and abused its discretion in denying appellants (sic) Crim.R.32.1 motion due to ineffective assistance of counsel and prejudicial error that specifically includes the appellant not being advised of his first basic right to notice of appeal[.]"
 {¶ 4} Appellant argues that he was never informed by the trial court or his counsel of his right to appeal, violating his due process rights. We disagree. Crim.R. 32(B) requires the trial court to advise the defendant of his right to appeal, where applicable. However, it is the appellant's duty to provide a transcript for appellate review because he bears the burden of demonstrating error by reference to matters in the record. Statev. Skaggs (1978), 53 Ohio St.2d 162. Further, App.R. 9(B) provides that the appellant shall order from the reporter the portion of the transcript that he deems necessary for the resolution of assigned errors. Appellant has not met the burden of producing a transcript of the plea agreement proceedings from which he claims error. Therefore, this Court has nothing to pass upon and has no choice but to presume the validity of the trial court proceedings. Knapp v. Edwards (1980), 61 Ohio St.2d 197,199. As such, we cannot say that the trial court abused its discretion. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER FIVE
"The trial court erred and abused its discretion by summarily dismissing sua sponte appellants (sic) Crim.R.32.1 without hearing or notice to appellant and denying appellant a separate findings of fact and conclusions of law[.]"
 {¶ 5} Appellant argues that the lower court committed error by failing to issue separate findings of fact and conclusions of law when it denied his motion to withdraw his plea. We disagree. It is well settled that Crim.R. 32.1 does not require the trial court to issue findings of fact and conclusions of law when ruling on a motion to withdraw a plea. State ex rel. Chavis v.Griffin (2001), 91 Ohio St.3d 50, 51, 2001-Ohio-241. Therefore, we find no merit in Appellant's fifth assignment or error, and it is overruled.
 III. {¶ 6} Appellant's assignments of error are overruled and the judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., and Whitmore, J. concur.