DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Carter B. Smith has appealed from his conviction in the Summit County Court of Common Pleas of attempted burglary. This Court affirms.
 I {¶ 2} On September 16, 2003, an indictment was filed against Appellant for 1) one count of attempted burglary, in violation of R.C. 2911.12(A)(1)/2923.02(A), with a gun specification, in violation of R.C. 2941.145; 2) one count of carrying a concealed weapon, in violation of R.C. 2923.12; 3) one count of having weapons while under disability, in violation of R.C.2923.13(A)(2)/(A)(3); 4) two counts of possessing criminal tools, in violation of R.C. 2923.24; and 5) one count of possession of marijuana, in violation of R.C. 2925.11(A). On September 17, 2003, Appellant entered a plea of "not guilty" to all the charges in the indictment.
 {¶ 3} After a jury trial on April 22, 2004, Appellant was found guilty of attempted burglary, carrying a concealed weapon, and one count of possessing criminal tools. The jury found Appellant not guilty of the gun specification. Upon agreement of the parties, the having weapons while under disability charge and the possession of marijuana charge were heard by the judge and Appellant was found guilty of both charges.
 {¶ 4} Appellant has timely appealed his conviction, asserting three assignments of error.[1]
 II Assignment of Error Number One
"Trial Court erred in denying defendant's rule 29 motion to dismiss because the elements of attempted burglary were not shown by the prosecution."
 Assignment of Error Number Two
"Defendant's conviction of attempted burglary was against the manifest weight of the evidence."
 {¶ 5} In his first and second assignments of error, Appellant has argued that his conviction of attempted burglary was against the manifest weight of the evidence and based on insufficient evidence. Specifically, Appellant has argued that the testimony of the State's witnesses did not establish that he attempted to burglarize the victim's home and therefore, the State did not prove all of the necessary elements of attempted burglary. We disagree.
 {¶ 6} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley aka G-Money
(Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390
(Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks (1991),61 Ohio St.3d 259, 279. Furthermore:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks, 61 Ohio St.3d paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 7} In State v. Roberts, this Court explained:
"[S]ufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. (emphasis omitted).
 {¶ 8} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
"[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340.
 {¶ 9} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than it supports the other. Thompkins,78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court.Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten,33 Ohio App.3d at 340.
 {¶ 10} Appellant was convicted of attempted burglary, in violation of R.C. 2911.12(A)(1)/2923.02(A). Pursuant to R.C.2911.12(A)(1):
"(A) No person, by force, stealth, or deception, shall do any of the following:
"(1) Trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense[.]"
Pursuant to R.C. 2923.02(A), "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 11} Appellant has argued that the testimony at his trial did not establish the elements of attempted burglary. We disagree. "[I]t is the appellant's duty to provide a transcript for appellate review because he bears the burden of demonstrating error by reference to matters in the record." State v. Elswick,
9th Dist. No. 03CA0134-M, 2004-Ohio-4324, at ¶ 4, citing Statev. Skaggs (1978), 53 Ohio St.2d 162. Further, pursuant to App.R. 9(B):
"If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."
Appellant has not met the burden of producing a transcript of the trial court proceedings from which he claims error.
 {¶ 12} On the docketing statement Appellant completed for his appeal he indicated that the record would consist of "ONLY theoriginal papers, exhibits, and a certified copy of the docket andjournal entries." Appellant did not indicate that the record would include a full or partial transcript of the proceedings. Further, Appellant failed to file a praecipe for the transcript and exhibits to be filed in this case and the transcript and exhibits were not filed in this case. Based on the foregoing, "this Court has nothing to pass upon and has no choice but to presume the validity of the trial court proceedings." Elswick,
at ¶ 4, citing Knapp v. Edwards (1980), 61 Ohio St.2d 197. Accordingly, we cannot say that the Appellant's conviction for attempted burglary was against the manifest weight of the evidence. As previously stated, "a determination that [a] conviction is supported by the weight of the evidence [is] also * * * dispositive of the issue of sufficiency." Roberts, supra at 4. Therefore, having found that Appellant's conviction was not against the manifest weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence. Based on the foregoing, Appellant's first and second assignments of error lack merit.
 Assignment of Error Number Three
"The Trial Court committed prejudicial and reversible error by admitted the photographs when no proper foundation was laid prior to their admission.(sic)."
 {¶ 13} In his third assignment of error, Appellant has argued that the photographs introduced during his trial were improperly admitted. Specifically, Appellant has contended that the State failed to lay the proper foundation and that the trial court erred in admitting the photographs. We disagree.
 {¶ 14} An appellate court reviews a trial court's admission of evidence under the abuse of discretion standard. State v.Maurer (1984), 15 Ohio St.3d 239, 265. Not only must a trial court abuse its discretion in admitting the questioned evidence, but the defendant must also be materially prejudiced. Id. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 15} Appellant's argument that the trial court erred in admitting the photographs requires this court to review the entire record, which includes the transcript. As previously stated in our analysis of Appellant's first and second assignments of error, Appellant did not indicate that the transcript would be included in the record, he failed to file a praecipe for the transcript, and the transcript was not filed in this case. Accordingly, based on the previously cited case law and App.R. 9(B), this Court has no basis for sustaining Appellant's argument that the trial court improperly admitted the evidence and we must presume regularity. See Elswick, supra, and Knapp, supra. As such, we cannot find that the trial court abused its discretion. Appellant's third assignment of error is not well taken.
 III {¶ 16} Appellant's three assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., concur.
[1] Appellant was convicted of five crimes, but his appeal involves only the attempted burglary conviction.