[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 50.]

THE STATE EX REL. CHAVIS, APPELLANT, *v.* GRIFFIN, JUDGE, APPELLEE.

[Cite as *State ex rel. Chavis v. Griffin*, 2001-Ohio-241.]

*Mandamus sought to compel court of common pleas judge to rule on pending motions in a criminal case to which he was not assigned—Court of appeals' denial of writ affirmed.*

(No. 00-1346—Submitted November 14, 2000—Decided February 7, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 77615.

_____

*Per Curiam.*

{¶ 1} In January 1998, a grand jury indicted appellant, Carlos E. Chavis, on one count of aggravated burglary, two counts of felonious assault, and one count of failure to comply with an order of a police officer. Cuyahoga County Court of Common Pleas Judge Daniel Gaul was assigned the case. Chavis pled guilty to the two counts of felonious assault and one count of failure to comply in return for the state's dismissal of the aggravated burglary charge. In June 1998, the court sentenced Chavis to prison.

{¶ 2} Chavis filed a petition for postconviction relief, which was denied. Judge Gaul entered findings of fact and conclusions of law denying the petition, and the Court of Appeals for Cuyahoga County affirmed his denial of postconviction relief. See *State v. Chavis* (Apr. 6, 2000), Cuyahoga App. No. 76824, unreported, 2000 WL 354415; *State ex rel. Chavis v. Gaul* (Oct. 21, 1999), Cuyahoga App. No. 76483, unreported, 1999 WL 961470.

{¶ 3} In 1999, Chavis filed motions in the common pleas court to withdraw his guilty plea, for summary judgment, for findings of fact and conclusions of law, and to file a supplemental memorandum in support. According to a docket

statement of the common pleas court, Chavis's motion to withdraw his guilty plea was assigned to appellee, Judge Burt W. Griffin.

{¶ 4} In February 2000, Chavis filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel Judge Griffin to rule on his pending motions. Judge Griffin filed an answer and motion for summary judgment to which he attached a docket statement establishing that Chavis's case had been assigned to Judge Gaul. The court of appeals granted Judge Griffin's motion and denied the writ.

{¶ 5} This cause is now before the court upon an appeal as of right.

{¶ 6} Chavis asserts that the court of appeals erred in denying his request for extraordinary relief in mandamus. Because we find that Judge Griffin has no duty to issue rulings on a case to which he was not assigned, we find Chavis's claims to be meritless and affirm the judgment of the court of appeals.

{¶ 7} As the court of appeals held, Judge Griffin has no duty to rule on motions in a case to which he was never assigned. Under Sup.R. 36(B)(2), "[e]ach multi-judge general, domestic relations, and juvenile division of the court of common pleas shall adopt the individual assignment system for the assignment of all cases to judges of the division." The individual assignment system provides that "upon the filing in or transfer to the court or a division of the court, a case immediately is assigned by lot to a judge of the division, who becomes primarily responsible for the determination of every issue and proceeding in the case until its termination." Sup.R. 36(B)(1). The evidence establishes that Chavis's case was assigned to Judge Gaul and was not reassigned to another judge.

{¶ 8} Moreover, there is no evidence that the common pleas court adopted any modification to the individual assignment system under Sup.R. 36(B)(2) by adopting a local rule under Sup.R. 5(A).

{¶ 9} Finally, as courts of appeals have held, Crim.R. 32.1 does not require a court to issue findings of fact and conclusions of law when ruling on a motion to

withdraw a guilty plea. See *State ex rel. Wilson v. Lanzinger* (Nov. 5, 1998), Lucas App. No. L-98-1273, unreported, 1998 WL 785294; *State v. Hemphill* (July 27, 1989), Franklin App. No. 89AP-245, unreported, 1989 WL 83574; *State ex rel. Sneed v. Russo* (Sept. 27, 2000), Cuyahoga App. No. 78441, unreported, 2000 WL 1429407.

**{¶ 10}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Carlos E. Chavis, pro se*.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Lisa Reitz Williamson*, Assistant Prosecuting Attorney, for appellee.

_____