DECISION.
{¶ 1} On August 30, 2002, we affirmed the judgment of the Hamilton County Court of Common Pleas denying defendant-appellant Justin I. Brown's motion to withdraw his guilty pleas. Brown filed an application for reconsideration of our judgment in light of the August 28, 2002, decision of the Supreme Court of Ohio in State v. Bush, 96 Ohio St.3d 235,2002-Ohio-3993, 773 N.E.2d 522. We granted reconsideration and set aside our judgment. Accordingly, we vacate our August 30, 2002, decision in its entirety and replace it with this decision.
{¶ 2} On appeal, Brown presents four assignments of error, in which he challenges the denial of his motion to withdraw his guilty pleas without an evidentiary hearing or findings of fact and conclusions of law. Finding no merit to any aspect of the challenges advanced on appeal, we affirm the judgment of the common pleas court.
{¶ 3} In May of 1995, Brown entered guilty pleas to two counts of aggravated robbery. In June of 1995, the trial court accepted the pleas, found Brown guilty of each charge and its accompanying specification, and sentenced him as appears of record. From this judgment of conviction, Brown took no appeal.
{¶ 4} On March 16, 2001, Brown filed with the common pleas court a Crim.R. 32.1 motion to withdraw his guilty pleas. The court denied the motion on September 17, 2001, and this appeal ensued.
{¶ 5} In his four assignments of error, Brown contends that the common pleas court violated his state and federal due-process rights by (1) dismissing his motion to withdraw his guilty pleas, (2) granting the state a "directed verdict" and summary judgment on the motion, (3) overruling the motion without journalizing findings of fact and conclusions of law, and (4) dismissing the motion without conducting an evidentiary hearing.
 I.
{¶ 6} We address first the general challenge advanced by Brown in his first and second assignments of error to the common pleas court's denial of his motion to withdraw his guilty pleas. This challenge is untenable.
 A.
{¶ 7} Our now vacated decision of August 30, 2002, was based on the Ohio Supreme Court's decision in State v. Reynolds, 79 Ohio St.3d 158,1997-Ohio-304, 679 N.E.2d 1131, and our decision in State v. Hill
(1998), 129 Ohio App.3d 658, 718 N.E.2d 978. In Reynolds, the defendant, following the unsuccessful direct appeal of his conviction, filed a "Motion to Correct or Vacate Sentence." The Supreme Court of Ohio determined that this motion, "despite its caption, [met] the definition of a motion for postconviction relief set forth in R.C. 2953.21(A)(1), because it [was] a motion that was (1) filed subsequent to Reynolds's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." Id. at 160, 679 N.E.2d 1131. This determination yielded the following syllabus paragraph:
 {¶ 8} Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
 In Hill, we read the decision in Reynolds to require that a postsentence motion to withdraw a guilty plea be addressed as a postconviction petition subject to R.C. 2953.21 et seq. Accord State v. Idowu (June 28, 2002), 1st Dist. No. C-010646; State v. Gaither (Dec. 1, 2000), 1st Dist. No. C-000205.
{¶ 9} But in State v. Bush, supra, the supreme court held that the rule of Reynolds did not extend to, and thus "R.C. 2953.21 and 2953.23
d[id] not govern[,] a Crim.R. 32.1 postsentence motion to withdraw a guilty plea." Id., syllabus. Thus, Crim.R. 32.1 governs our review of Brown's challenge to the denial of his motion to withdraw his pleas.
 B.
{¶ 10} Crim.R. 32.1 provides as follows:
 {¶ 11} A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 {¶ 12} Thus, a postsentence motion to withdraw a plea of guilty or no contest may be granted only upon a showing of "manifest injustice." See State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. The determination of whether such a showing has been made is committed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of some demonstration that the court abused its discretion. See id., paragraph two of the syllabus.
{¶ 13} Brown, in his motion, sought to withdraw his guilty pleas on the ground that "there exist[ed] a manifest miscarriage of justice." He asserted that his trial attorney was ineffective in counseling him to enter "unknowing and unintelligent" guilty pleas when he had been afforded neither his right to a speedy trial nor his right of allocution at sentencing.
{¶ 14} As to Brown's contention that he was not brought to trial within the time strictures of R.C. 2945.71 et seq., the record confirms that Brown was incarcerated on the pending felony charges from the time of his arrest on November 7, 1994, until May 15, 1995, when he entered his guilty pleas. Thus, he was "brought to trial" for purposes of the speedy-trial statutes 567 days after his arrest. See R.C. 2945.71(E). But the record also discloses a series of continuances, granted upon Brown's request, that operated to extend by 474 days the 270-day period during which he must have been brought to trial. See R.C. 2945.71(C)(2) and2945.72(H). As a consequence, Brown was brought to trial well within the statutory time, and R.C. 2945.73(B) did not mandate his discharge.
{¶ 15} In support of his contention that trial counsel's ineffectiveness denied him his right of allocution, Brown asserted that his counsel had failed to advise him of the right and then had declined on his behalf the opportunity to exercise the right at sentencing. However, the common pleas court, in ruling upon Brown's motion to withdraw his guilty pleas, did not have before it a transcript of the proceedings at the plea hearing or at sentencing. The absence of the transcript was attributable to Brown's failure to take a direct appeal from his judgment of conviction and to his failure to submit a copy of a transcript with his motion to withdraw his pleas. Its absence is fatal to his claim on appeal, because, without the transcript, the record before us cannot be said to manifest the error of which Brown now complains.
{¶ 16} Thus, Brown's challenge to the knowing and intelligent nature of his guilty pleas fails in its underlying premises. It follows that Brown's trial counsel cannot be said to have violated a substantial duty to him in counseling the pleas. See Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. In turn, we can only concur with the common pleas court in its conclusion, implicit in its denial of the motion to withdraw the pleas, that the withdrawal of Brown's pleas was not necessary to correct a manifest injustice. Accordingly, we hold that the trial court, in denying the motion, did not abuse its discretion. On that basis, we overrule the first and second assignments of error.
 II.
{¶ 17} In his third assignment of error, Brown asserts that the common pleas court erred in denying his motion to withdraw his pleas without findings of fact and conclusions of law. In his fourth assignment of error, he contends that the court erred in denying the motion without first conducting an evidentiary hearing. These challenges are equally untenable.
{¶ 18} We overrule the third assignment of error for the simple reason that Crim.R. 32.1 does not require a trial court, when deciding a postsentence motion to withdraw a guilty or no-contest plea, to issue findings of fact and conclusions of law. See State ex rel. Chavis v.Griffin (2001), 91 Ohio St.3d 50, 51, 741 N.E.2d 130.
{¶ 19} Nor does the rule expressly provide for an evidentiary hearing on such a motion. Nevertheless, we have effectively adopted a rule that requires a trial court to hold a hearing on the motion if the facts alleged in the motion, and accepted as true by the court, would require that the plea be withdrawn. See State v. West (1999),134 Ohio App.3d 45, 50, 730 N.E.2d 388 (citing State v. Blatnik [1984],17 Ohio App.3d 201, 202, 478 N.E.2d 1016). The decision of whether to conduct a hearing on a Crim.R. 32.1 motion to withdraw a plea is discretionary with the trial court and will not be disturbed unless the court has abused its discretion. See State v. Reynolds, 3d Dist. No. 12-01-11, 2002-Ohio-2823; State v. Alexander (Feb. 19, 1998), 8th Dist. No. 72028.
{¶ 20} Brown alleged in support of his motion that, at the sentencing hearing, he was not afforded his right of allocution. Crim.R. 32(A)(1) confers upon a criminal defendant an absolute right of allocution by requiring that the trial court, "before imposing sentence, * * * address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or [to] present any information in mitigation of punishment." State v. Campbell (2000),90 Ohio St.3d 320, 2000-Ohio-183, 738 N.E.2d 1178, paragraph one of the syllabus. However, the remedy for a court's failure to afford a defendant his Crim.R. 32(A)(1) right of allocution is resentencing. Id., paragraph three of the syllabus. Therefore, even if Brown's allegation that he was not afforded his right of allocution were accepted as true, it would not provide a basis for the withdrawal of his guilty pleas.
{¶ 21} Brown also alleged that R.C. 2945.73 mandated his discharge when he was not brought to trial within the time strictures of R.C. 2945.71
et seq. Specifically, he asserted that R.C. 2945.72(H) did not operate to extend the time for trial because the trial court, in its entries granting the series of continuances, "failed to identify any party to whom the continuances were chargeable and [did] not indicate sufficient reasons underlying the necessity [for] such continuances." This specific assertion, upon which his general allegation of a speedy-trial deprivation depended, is conclusively belied by the record. Therefore, Brown's allegation that he was not afforded his right to a speedy trial could not have been accepted as true by the trial court.
{¶ 22} Having thus concluded that the facts alleged in the motion, and acceptable as true by the court, would not have required that Brown's guilty pleas be withdrawn, we hold that the trial court did not abuse its discretion in declining to conduct an evidentiary hearing on the motion. Accordingly, we overrule the fourth and final assignment of error and affirm the judgment of the court below.
Judgment affirmed.
Painter, P.J., Hildebrandt and Winkler, JJ.
The court has placed of record its own entry in this case on the date of the release of this Decision.