[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The appeals have been sua sponte consolidated under case number C-020485.
 JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} In 1992, defendant-appellant Kenneth Hill entered a guilty plea to a reduced charge of complicity to murder in violation of former R.C. 2923.03 and 2903.02. The trial court accepted the plea, and Hill was sentenced as appears of record. Hill took no appeal from his judgment of conviction.
{¶ 3} On January 7, 2002, Hill filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. The trial court denied Hill's motion on January 28, 2002.
{¶ 4} On March 4, 2002, Hill filed a motion for summary judgment or, in the alternative, for an evidentiary hearing. The trial court overruled that motion on March 11, 2002.
{¶ 5} On July 18, 2002, Hill filed a notice of appeal from the trial court's judgment overruling his post-sentence motion to withdraw his guilty plea. On July 29, 2002, Hill filed a second notice of appeal from the trial court's judgment. We have consolidated the two appeals.
{¶ 6} In the first assignment of error, Hill challenges the trial court's decision overruling his motion for summary judgment. He states that he was entitled to summary judgment as a matter of law because the state failed to file a timely response to his motion to withdraw his guilty plea and, therefore, implicitly admitted to Hill's prima facie case.
{¶ 7} App.R. 4 states that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Hill did not appeal the trial court's March 4, 2002, ruling on the motion for summary judgment. As a result of Hill's failure to timely appeal this ruling, we hold that Hill has waived his right to challenge whether he was entitled to summary judgment. Hill's first assignment is, therefore, overruled.
{¶ 8} In the second and third assignments of error, Hill alleges that the trial court erred in failing to hold an evidentiary hearing and to issue findings of fact and conclusions of law before denying the motion to withdraw his guilty plea.
{¶ 9} We begin by noting that a motion to withdraw a guilty plea under Crim.R. 32.1 may be filed at any time.[2] So Hill could have properly filed his motion to withdraw his guilty plea and then timely appealed the trial court's failure to grant the motion.
{¶ 10} Crim.R. 32.1 does not expressly provide for an evidentiary hearing. In determining whether an evidentiary hearing should be conducted, we have stated that the trial court shall hold a hearing on a motion to withdraw a guilty plea "if the facts alleged in the motion, and accepted as true by the court, would require that the plea be withdrawn."[3] In order to obtain a hearing, the burden is on the defendant to make a prima facie showing of manifest injustice.[4] The decision whether the defendant has met his burden to warrant a hearing is committed to the court's discretion.[5]
{¶ 11} To support the motion to withdraw the guilty plea, Hill attached only his own self-serving affidavit. This affidavit lacked credibility. Further, the fact that Hill filed the motion ten years after his conviction limited his credibility. In the absence of any meaningful evidence supporting Hill's post-sentence motion to withdraw the guilty plea, we hold that the trial court did not abuse its discretion in overruling the motion and declining to conduct an evidentiary hearing.
{¶ 12} Further, because Crim.R. 32.1 does not require a trial court to issue findings of fact and conclusions of law,[6] we cannot say that the trial court erred in not making them in this case. Accordingly, the second and third assignments of error are overruled
{¶ 13} Therefore, the judgment of the trial court is affirmed.
{¶ 14} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Gorman, JJ.
[2] See Crim.R. 32.1; State v. Yuen, 10th Dist. No. 01AP-1410, 2002-Ohio-5083, ¶ 30.
[3] See State v. Brown, 1st Dist. No. C-010755, 2002-Ohio-5813, ¶ 20.
[4] See State v. Blatnik (1984), 17 Ohio App.3d 201, 204,478 N.E.2d 1016; State v. Humphrey, 2nd Dist. No. 19243, 2002-Ohio-6525, ¶ 19.
[5] See State v. Brown, supra, at ¶ 20.
[6] See State ex rel. Chavis v. Griffin (2001), 91 Ohio St.3d 50, 51,741 N.E.2d 130.