[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} In 1997, defendant-appellant Cornelius Causey entered guilty pleas to two counts of murder in violation of R.C. 2903.02, with specifications, and two counts of aggravated robbery in violation of R.C.2911.01. The trial court accepted the pleas and Causey was sentenced as appears of record. Causey filed a direct appeal.
{¶ 3} In his direct appeal, Causey alleged that the trial court had erred in overruling his motion to withdraw his guilty pleas. On August 28, 1998, this court affirmed, holding that the trial court had not abused its discretion in overruling the motion to withdraw the guilty pleas because Causey had been afforded a full Crim.R. 11 hearing prior to entering his guilty pleas and because the motion to withdraw had been made orally at the time of sentencing and was unsupported by evidentiary material.
{¶ 4} On May 24, 2002, Causey filed a Crim.R. 32.1 motion to withdraw his guilty pleas, arguing that the ineffectiveness of trial counsel had caused him to unknowingly, unintelligently and involuntarily enter the guilty pleas. On June 3, 2002, the trial court denied Causey's motion without an evidentiary hearing. Causey now appeals from that decision. For the foregoing reasons, we affirm the judgment of the trial court.
{¶ 5} In the first assignment of error, Causey argues that the trial court abused its discretion by overruling his motion to withdraw the guilty pleas. In the second assignment of error, Causey alleges that the trial court abused its discretion by failing to make findings of fact and conclusions of law. In the third assignment of error, Causey challenges the trial court's decision not to hold an evidentiary hearing. We address the assignments in the aggregate.
{¶ 6} In State v. Bush,[1] the Supreme Court of Ohio held that a Crim.R. 32.1 motion to withdraw a guilty plea is an independent remedy from a collateral challenge to a judgment in post conviction proceedings under R.C. 2953.21 and 2953.23. Accordingly, a motion to withdraw a guilty plea is to be resolved under Crim.R. 32.1.[2]
{¶ 7} Crim.R. 32.1 provides the following:
{¶ 8} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
Because a motion to withdraw a guilty plea under Crim.R. 32.1 may be filed at any time,[3] Causey could properly file his motion to withdraw the guilty pleas and then timely appeal the trial court's failure to grant the motion.
{¶ 9} The determination of whether a defendant has proved "manifest injustice" is made in the exercise of the sound discretion of the trial court to resolve the credibility of the movant's assertions in support of the motion.[4] Although there is no time limit for filing a Crim.R. 32.1 motion, "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."[5] An abuse of discretion involves more than an error in judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary.[6]
{¶ 10} Crim.R. 32.1 does not expressly provide for an evidentiary hearing. In determining whether an evidentiary hearing should be conducted, we have said that the trial court shall hold a hearing on a motion to withdraw a guilty plea "if the facts alleged in the motion, and accepted as true by the court, would require that the plea be withdrawn."[7] In order to obtain a hearing, the burden is on the defendant to make a prima facie showing of manifest injustice.[8] The decision whether the defendant has met his burden to warrant a hearing is committed to the court's discretion.[9]
{¶ 11} We do not agree that Causey met his burden to demonstrate manifest injustice. In order for the trial court to have determined whether the right to effective counsel had been violated, Causey must have proven that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[10]
{¶ 12} Causey presented no evidence that his trial counsel was ineffective. The only evidence attached to the motion was an affidavit from Causey and an affidavit from Causey's mother. Causey's own affidavit was self-serving and lacked credibility. As to his mother's affidavit, we conclude that it too lacked credibility because she had no access to witness lists or trial preparation. Overall, we note that Causey's motion lacked credibility because he filed the motion four years after his conviction. Accordingly, we hold that the trial court did not abuse its discretion in overruling his motion and declining to conduct an evidentiary hearing.
{¶ 13} Because Crim.R. 32.1 does not require a trial court to issue findings of fact or conclusions of law,[11] we cannot say that the trial court erred in not making them in this case. Accordingly, the first, second, and third assignments of error are overruled.
{¶ 14} Therefore, the judgment of the trial court is affirmed.
{¶ 15} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Gorman, JJ.
[1] 96 Ohio St.3d 235, 2002-Ohio-3993, syllabus.
[2] See id. Accord State v. Yanez, 1st Dist. No. C-020098, 2002-Ohio-7076, ¶ 11; State v. Brown, 1st Dist. No. C-010755, 2002-Ohio-5813, ¶ 10.
[3] See State v. Yuen, 10th Dist. No. 01AP-1410, 2002-Ohio-5083, ¶ 30.
[4] See State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraphs one and two of the syllabus.
[5] See State v. Bush, supra, at ¶ 14, quoting State v. Smith,49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph three of the syllabus.
[6] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[7] See State v. Brown, supra, at ¶ 20.
[8] See State v. Blatnik (1984), 17 Ohio App.3d 201, 204,478 N.E.2d 1016, State v. Humphrey, 2nd Dist. No. 19243, 2002-Ohio-6525, ¶ 19.
[9] See State v. Brown, supra, at ¶ 20.
[10] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052.
[11] See State ex rel. Chavis v. Griffin (2001), 91 Ohio St.3d 50, 51,741 N.E.2d 130.