ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On October 22, 2003, relator, Ronald Molton, commenced this mandamus action to compel Judge David T. Matia, Jr. to issue findings of fact and conclusions of law after denying Molton's motion to withdraw his guilty plea in State v. Molton, Cuyahoga County Court of Common Pleas Case No. CR-190261. On November 19, 2003, respondent, through the Cuyahoga County Prosecutor, filed a motion for summary judgment. For the following reason, we grant respondent's motion.
 {¶ 2} In order for this court to issue a writ of mandamus, a relator must establish that: (1) the relator possesses a clear legal right to the relief he seeks; (2) the respondent possesses a clear legal duty to perform the requested act; and (3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel.Manson v. Morris (1993), 66 Ohio St.3d 440, 613 N.E.2d 232, citing, Stateex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 451 N.E.2d 225.
 {¶ 3} The denial of a motion to withdraw a guilty plea pursuant to Crim.R. 32.1 does not require a trial court to issue findings of fact and conclusions of law. State ex rel. Chavis v. Griffin (2001),91 Ohio St.3d 50, 741 N.E.2d 130; State ex rel. Kavlich v. McMonagle
(Jan. 27, 2000), Cuyahoga App. No. 76927; State v. Halliwell (Dec. 30, 1996), Cuyahoga App. No. 70369. In light of these holdings, we find that Molton does not possess a clear legal right to the requested relief, and Judge Matia does not possess a clear legal duty to issue findings of fact and conclusions of law. Accordingly, we grant the respondent's motion for summary judgment. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
 {¶ 4} Writ denied.
Frank D. Celebrezze, JR., P.J., concurs.
Anthony O. Calabrese, JR., J., concurs.