JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Andre Foster, pleaded guilty to two counts of attempted rape with sexually violent predator specifications on September 4, 1997. He received an agreed-upon sentence of five years to life for each count, to be served consecutively. The instant appeal arose when the trial court denied appellant's Motion to Withdraw Guilty Plea, filed May 17, 2004. For the reasons that follow, we find no merit to this appeal and affirm the decision of the trial court.
 {¶ 2} After his conviction and sentence, appellant filed his first Motion to Withdraw Guilty Plea on March 21, 2002, which was denied. The denial of that motion was affirmed by this court in State v. Foster,
Cuyahoga App. No. 81399, 2002-Ohio-7072, appeal denied 98 Ohio St.3d 1540
("Foster I"). Appellant's second Motion to Withdraw Guilty Plea was denied by the trial court on May 21, 2004. Appellant appeals that decision, pro se, with two assignments of error:
 {¶ 3} "I. The trial court committed prejudicial error and denied the defendant due process of law when it accepted a plea of guilty without determining that the defendant understood the nature of the charges, consequences of his plea, alternative choices withou (sic) fully determining the defendant's plea was made knowingly, intellegently (sic), voluntary (sic). criminal rule 11. (sic)"
 {¶ 4} "II. The trial court committed prejudicial error and committed a manifest injustice in failing to make findings of fact and conclusions of law when it denied the defendant's motion to withdraw guilty plea. Criminal Rule 32.1 (sic)."
 {¶ 5} Any issue which was raised or which could have been raised at trial or on direct appeal may not be relitigated at a later date. Statev. Perry (1967), 10 Ohio St.2d 175; State v. Cole (1982), 2 Ohio St.3d 112;State v. Miller (Jan. 28, 2002), Ross App. No. 01CA2614 (ineffective assistance of counsel claim filed in post-conviction relief motion barred by res judicata where petitioner could have raised the issue on direct appeal); State v. Mitts (Sep. 28, 2000), Cuyahoga App. No. 76963 (doctrine of res judicata bars a claim of ineffective assistance of counsel when a defendant is represented by new counsel on direct appeal and the issue could have been determined without resort to evidence de hors the record).
 {¶ 6} The arguments raised by the appellant relative to the nature of his guilty plea have already been addressed in Foster I. There, this court found that there was "nothing in the record to suggest that Foster's plea was not knowingly, voluntarily and intelligently made."Foster I, 2002-Ohio-7072, ¶ 65. We therefore decline to address appellant's first assignment of error pursuant to the doctrine of res judicata.
 {¶ 7} Appellant next argues that the trial court erred in failing to issue findings of fact and conclusions of law relative to its denial of his second Motion to Withdraw Guilty Plea. The denial of a motion to withdraw a guilty plea pursuant to Crim.R. 32.1 does not require a trial court to issue findings of fact and conclusions of law. State ex rel.Molton v. Matia, Cuyahoga App. No. 83661, 2003-Ohio-6630; State ex rel.Chavis v. Griffin, 91 Ohio St.3d 50, 2001-Ohio-241, 741 N.E.2d 130; Stateex rel. Kavlich v. McMonagle (Jan. 27, 2000), Cuyahoga App. No. 76927. We therefore find no merit in appellant's argument, and this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Cooney, J., concur.