[Cite as *State v. Young*, 2022-Ohio-3527.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MATTHEW R. YOUNG,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 21 CO 0018, 21 CO 0019**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case Nos. 2021 CR 21, 2020 CR 362

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito Abruzzino*, Prosecuting Attorney, *Atty. Ryan P. Weikart,* Chief Assistant Prosecuting Attorney, 135 South Market Street, Lisbon, Ohio 44432 for Plaintiff-Appellee and

*Atty. J. Michael Salmon*, Salmon Law Office, LLC, 1144 S. Detroit Ave. #140966, Toledo, Ohio 43614 for Defendant-Appellant.

Dated: September 29, 2022

**Robb, J.**

{¶1} Appellant, Matthew Young, appeals his convictions in two separate Columbiana County Common Pleas cases after pleading guilty in both to multiple counts of drug possession and trafficking. Appellant's appeals have been consolidated for briefing purposes, and his assignments of error are identical for both underlying cases. He argues on appeal that the trial court abused its discretion by not conducting a full hearing on his motion to withdraw his guilty pleas. He also contends the court erred by failing to consider all relevant factors, especially the state's alleged failure to abide by the plea agreements, before it overruled Appellant's motion to withdraw his guilty pleas. For the following reasons, we affirm.

<u>Statement of the Case</u>

{¶2} In Columbiana County Common Pleas case number 2021 CR 21, Appellant was charged via secret indictment with three offenses: trafficking in cocaine, a third-degree felony; possession of cocaine, a third-degree felony; aggravated possession of drugs, a third-degree felony; and three attendant forfeiture of money specifications. After the exchange of discovery, Appellant moved to suppress claiming the stop that led to the charges against him was illegal and unconstitutional.

{¶3} Seven days later, on April 28, 2021, Appellant entered a plea agreement and agreed to plead guilty to all three charges with the state agreeing to recommend nine-month terms of imprisonment on each of the three counts to run concurrent with each other but consecutive with the sentence imposed in his other case pending in the Columbiana Court of Common Pleas. This case was then transferred to be sentenced with case number 2020 CR 362.

{¶4} In Columbiana County Common Pleas case number 2020 CR 362, Appellant was charged via secret indictment with seven offenses: trafficking in cocaine, a first-degree felony; aggravated trafficking in drugs, a third-degree felony; aggravated possession of drugs, a third-degree felony; possession of cocaine, a first-degree felony; two counts of aggravated possession of drugs, fifth-degree felonies; possession of drugs, a first-degree misdemeanor; and four attendant specifications for the forfeiture of money.

After the exchange of discovery, Appellant moved to suppress evidence in this case as well.

{¶5}  On April 28, 2021, Appellant entered a plea agreement in this case too, agreeing to plead guilty to all seven charges with the state agreeing it would recommend the following sentence:

"CTS I and IV—a concurrent 5-year term of incarceration in a state correctional facility on each count (tail would be 7 ½ years).  CTS II, III, IV, V, and VI—a concurrent 12-month term of incarceration in a state correctional facility on each count.  CT VII—a 180-day term of incarceration in the county jail.  All terms to run concurrent (total recommendation = 5 years). [sic]"

{¶6}  Both written plea agreements state in pertinent part:  "Miscellaneous agreement:  This recommendation is contingent on the defendant appearing at all scheduled hearings and being of general good behavior pending sentencing."  (April 28, 2021 Plea Agreements.)

{¶7}  The plea agreements were accepted in both cases at the April 28, 2021 hearing before Judge Bickerton.  At this hearing, the state made it clear that its agreed-upon recommended sentences were contingent upon Appellant's good behavior pending sentencing.  The prosecutor also explained that he filed a motion to revoke Appellant's bond the morning of the plea hearing, but he asked the court to hold it in abeyance "with the admonition to the Defendant that this recommendation is contingent upon him appearing at all future hearings and being of good general behavior pending sentencing. * * * If there is one more misstep while out on bond[,] I will not hesitate to change my recommendation based on these plea agreements * * *."  (April 28, 2021 Tr. 4.)

{¶8}  The April 28, 2021 plea hearing confirms that Appellant was represented by counsel at the hearing; the court reviewed all the rights that Appellant was waiving by entering guilty pleas; Appellant and his counsel agreed that he understood his rights and agreed to the terms of the plea agreement.  The prosecutor agreed on the record that he would recommend concurrent terms for a total five-year recommended sentence in case number 20 CR 362 to run consecutive with the recommended concurrent nine-month terms in case number 21 CR 21.  (April 28, 2021 Tr. 2-3.)

Case No. 21 CO 0018, 21 CO 0019

{¶9}     Appellant acknowledged he had not been threatened or promised anything and the agreement read into the record was consistent with his understanding.  Appellant confirmed he knew of the possible penalties, including fines.  The court accepted the guilty pleas and scheduled sentencing.  After accepting Appellant's guilty pleas, the judge warned him, stating:  "I suggest you keep your nose clean, because you got a lot of time hanging over your head.  And right now that recommendation is five years.  But if you continue doing what you're doing and you get caught, I'm going to guess it's going to be a lot more than that."  (April 28, 2021 Tr. 29.)  The court then set a consolidated sentencing hearing for both cases.

{¶10}  After Appellant entered both plea agreements, but before sentencing, the state filed a renewed motion to revoke Appellant's bond on April 30, 2021.  For cause, the state relied on new charges pending against Appellant and noted that the underlying allegations resulting in these charges were violations of his plea agreements as well.  The motion states:  "It was made clear at the defendant's plea hearing on April 28, 2021 that any additional missteps by defendant would result in a motion to revoke and violate the terms of the plea agreement."  (April 30, 2021 Renewed Motion to Revoke Bond.)

{¶11}  The court held a bond revocation hearing on May 4, 2021.  Counsel and Appellant were present.  At the beginning of this hearing, the prosecutor detailed that there were three separate dates resulting in separate charges against Appellant in municipal court.  One incident was April 10, 2021, the second was April 17, 2021, and the third was on April 24, 2021.  The state introduced certified copies of the dockets in these proceedings as State's Exhibit 1.  Defense counsel reviewed the packet of municipal court dockets and did not object to the admission.  These three offenses predated the plea agreement, and the state was aware of them at the time it entered the plea agreements with Appellant.

{¶12}  The prosecutor then told the court Appellant had also very recently engaged in other misconduct that would bring more criminal charges not yet filed.  The state had a St. Clair Township Patrolman present to testify about the additional charge to be filed against Appellant.  The patrolman did not testify, however, because Appellant's attorney conceded they were aware Appellant was going to be charged with resisting arrest the

next day for an incident dated April 30, 2021.  Appellant was asked if he had anything to say or any questions, and he did not.  (May 4, 2021 Tr. 9-10.)

{¶13}  On May 21, 2021 the joint sentencing hearing was held.  The prosecutor stated Appellant's additional misconduct pending sentencing left him no choice but to recommend a higher than agreed upon sentencing recommendation because Appellant had not abided by the agreement.  Immediately thereafter, Appellant's attorney orally moved to withdraw his guilty pleas.  The Appellant's reason was the state had breached the plea agreements by not making the agreed-upon sentencing recommendations to the court.  The court addressed the oral motion to withdraw his pleas, allowed both parties to address the merits of the issue, and overruled it during the sentencing hearing.  (May 21, 2021 Tr. p. 10-12.)

{¶14}  At the May 21, 2021 sentencing hearing, the prosecutor stated in part:

With this plea that was done before Judge Bickerton, because the Court was in jury trial here, the defendant was given an opportunity to remain out on bond, and lock-in a five-year recommendation in these matters.

All he had to do was make it five weeks to get to today's point without any other issues.  He didn't even make it 24 hours before failing to appear in East Liverpool, which ultimately led to a warrant, and then running from the police, and resulted in a resisting arrest conviction in East Liverpool.

It's inherent in every plea agreement that the defendant live up to his side of the bargain, he's to not be breaking bond conditions and committing new crimes.  There's case law out here that supports that.

We have actually gone the extra step over the course - - at least I personally have gone the extra step over the course of the last year and writing into my agreements that the recommendation is contingent upon * * * being of general good behavior pending sentencing.

Those aren't idol [sic] words, Your Honor.

* * * I will recognize the offer was for five years on 20-CR-362.  Given his record and continued disrespect and disregard for the law, I'm going to

ask the Court consider on the felony ones in that case imposing [a mandatory term of] seven years.

On the 21-CR-21 case, I will remain with the felony threes at a nine-month recommendation. I'm going to ask the Court to consider running those consecutively.

(May 21, 2021 Tr. 7-10.) Thereafter, Appellant's counsel stated:

{¶15} It appears by [the prosecutor's] recommendation today that, in fact, he's asked this Court to set aside the plea agreement. My client is [in] agreement with setting aside the plea agreement, [and] asks this matter be set for trial.

THE COURT: Well –

[DEFENSE COUNSEL]: My client wishes to withdraw his plea at this time, Your Honor.

THE COURT: Well, for what reason * * * ?

[DEFENSE COUNSEL]: Because he was promised five years, Your Honor. At this point the prosecutor is not honoring that plea. So he has no problem with the Court withdrawing that plea and setting the matter for trial.

[THE STATE:] Your Honor, that's not grounds. He signed into a plea agreement that was contingent upon – if you go review the [sentencing] record * * *, it was made very clear. That is not grounds for withdrawing a plea agreement.

This just kind of goes into the game playing that this defendant has done time and time again. And there's no case law that says that that is grounds for withdrawing his plea just because he has a change of heart because he couldn't behave himself.

THE COURT: All right. Well, * * * I didn't take the plea. I wasn't present at the time of the plea hearing, but the agreement, at least in the 362 case, clearly indicates the contingencies. It also states the judge is not a party to the agreement.

So I'm going to deny the request to withdraw the plea. * * * [W]e'll proceed with the sentencing, if there's anything you wish to say on behalf of Mr. Young, you may do so.

Case No. 21 CO 0018, 21 CO 0019

(May 21, 2021 Tr. 10-12.)  Appellant did not make a statement.  And during the sentencing aspect of the hearing, the court again asked Appellant if he wanted to make a statement, and he did not.

{¶16}  In case number 2020 CR 362, Appellant was then sentenced as follows:

On Count 1, the Defendant is sentenced to a mandatory indefinite prison term of Seven (7) years minimum to Ten and One-Half (10 ½) years maximum. On Count 2, the Defendant is sentenced to definite prison term of Twelve (12) months. On Count 3, the Defendant is sentenced to definite prison term of Twelve (12) months. On Count 4, the Defendant is sentenced to a mandatory indefinite prison term of Seven (7) years minimum to Ten and One-Half (10 ½) years maximum. On Count 5, the Defendant is sentenced to definite prison term of Twelve (12) months. On Count 6, the Defendant is sentenced to definite prison term of Twelve (12) months. On Count 7, the Defendant is sentenced to definite term of local incarceration in the Columbiana County Jail for 180 days.  The Defendant's indefinite and definite prison terms and the definite term of local incarceration shall be served concurrently with each other.

(Case No. 2020 CR 362 May 24, 2021 Judgment.)  The court also determined Appellant forfeited $1,245.00 and ordered him to pay a $10,000 mandatory fine on count one and a $5,000 fine on count two.

{¶17}  In case number 2021 CR 21, Appellant was sentenced to three concurrent 9-month terms to run consecutive to his term in case number 2020 CR 362.  (Case No. 2021 CR 21 May 24, 2021 Judgment.)

{¶18}  Appellant appealed his convictions in both cases, and we consolidated his appeals for briefing purposes.

<u>Assignment of Error Number One:</u>

{¶19}  Appellant's first of three assignments of error asserts:

"Trial Court abused its discretion by not conducting a full and fair hearing on Appellant's presentence motion to withdraw his guilty plea."

{¶20}  Here, Appellant argues the court did not conduct a "full and fair" hearing because the matter was addressed at his sentencing hearing and the court's limited

amount of attention spent on his motion shows it did not address the requisite factors. We disagree.

**{¶21}** Crim.R. 32.1 states in part: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended * * *." Crim.R. 32.1, however, "gives no guidelines for a trial court to use when ruling on a presentence motion to withdraw a guilty plea." *State v. Xie*, 62 Ohio St.3d 521, 525-26, 584 N.E.2d 715 (1992). Thus, we use caselaw to guide us. *Id.*

**{¶22}** The Ohio Supreme Court in *Xie* held before ruling on a presentence motion to withdraw a plea, a court should conduct a hearing to determine whether there is a "reasonable and legitimate basis" for plea withdrawal. *Id.* at 527. We review a trial court's decision overruling a motion to withdraw a guilty plea for an abuse of discretion. *Xie,* paragraph two of the syllabus. An abuse of discretion means the trial court's decision was "unreasonable, arbitrary or unconscionable." *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶23}** Although a court should hold a hearing on a presentence motion to withdraw a guilty plea, a court is not required to postpone sentencing and conduct a separate hearing to address an oral motion to withdraw a plea raised during that hearing. *See State v. Williams*, 7th Dist. Mahoning No. 11 MA 131, 2012-Ohio-6277, ¶ 10.

**{¶24}** As detailed previously, during the sentencing hearing, Appellant's counsel indicated Appellant wanted to withdraw his plea immediately after the prosecution's declaration that it could no longer make the agreed-upon recommendations since Appellant was again facing additional charges. Appellant and his counsel were well aware of the additional charge he was facing and conceded it was going to be filed. The matter of this new charge was fully addressed at the bond revocation hearing, and Appellant's counsel acknowledged the new charges were imminent. At that hearing, the state indicated this was a violation of the plea agreement. The state likewise warned this was a violation of the plea agreement in its written motion to revoke Appellant's bond filed April 30, 2021. Thus, Appellant had notice the state could not abide by the agreement in light of Appellant's breach. (April 30, 2021 Renewed Motion to Revoke Bond; May 4, 2021 Bond Revocation Hearing.)

**{¶25}** Approximately 18 days passed after the bond revocation hearing and the date of his sentencing hearing, yet Appellant did not file a motion to withdraw his pleas. Then, when faced with the reality the state did not overlook his noncompliance with the terms of the agreement, Appellant attempted to avoid his commitment minutes before the court imposed his sentences.

**{¶26}** Appellant provides no reason to withdraw his plea other than the contention the state breached the agreement first. However, Appellant's noncompliance was well documented by the state, and Appellant had ample warning the state would not abide by the agreement when Appellant had already breached it. Based on the timing of the oral request coupled with the singular reason given by Appellant, which was already addressed at a prior hearing, we cannot find the court abused its discretion by not conducting an additional hearing. The court sufficiently addressed the merits of the motion. *See State v. Wolfson*, 4th Dist. Lawrence No. 02CA28, 2003-Ohio-4440, ¶ 16.

**{¶27}** The defendant in *State v. Wolfson*, 4th Dist. Lawrence No. 02CA28, 2003-Ohio-4440, orally moved to withdraw her guilty plea during her sentencing hearing after the state made its sentencing recommendation and after she pled guilty at a separate hearing. Wolfson sought a continuance to file a written motion to withdraw her plea and argued she was under the influence of medication at the time of her plea and mistakenly thought the state would recommend a substance abuse treatment. Instead, it recommended time in a community control correctional facility. *Id.* at ¶ 5-7. The court rejected her oral motion after addressing it during the sentencing hearing, and the Fourth District affirmed the trial court's decision. *Id.* at ¶ 18-21.

**{¶28}** As in *Wolfson,* the parties here were before the court with counsel, Appellant's oral motion to withdraw his guilty pleas was fully argued by both sides, and addressed by the court. Appellant's first assigned error lacks merit.

<u>Assignments of Error Two and Three</u>

**{¶29}** Because Appellant's second and third assignments of error are interrelated, we address them together. They contend:

"Trial Court abused its discretion in not considering all relevant factors before denying Appellant's presentence motion to withdraw his guilty plea."

"Trial Court abused its discretion in denying Appellant's presentence motion to withdraw his guilty plea due to the state's failure to follow the terms of the plea agreement."

**{¶30}** Appellant's second and third assignments of error allege the trial court abused its discretion by not considering all the relevant factors, especially the fact that the state, and not Appellant, breached the plea agreements. We disagree.

**{¶31}** The Ohio Supreme Court in *Xie* set forth the following standard regarding presentence motions to withdraw guilty pleas:

Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *.

(Citations omitted.) *Id.* at 526.

**{¶32}** When determining whether to grant a presentence motion to withdraw a plea, a trial court should weigh the following factors:

(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

(Citations omitted.) *State v. Griffin*, 141 Ohio App.3d 551, 553-54, 752 N.E.2d 310 (7th Dist. 2001).

**{¶33}** No one factor should be the focus. *State v. Charity*, 7th Dist. Mahoning No. 19 MA 0001, 2019-Ohio-5252, ¶ 18. When ruling on a motion to withdraw a guilty plea, a trial court is not required to issue findings of fact and conclusions of law. *State ex rel.*

*Chavis v. Griffin*, 91 Ohio St.3d 50, 741 N.E.2d 130 (2001). And whether the defendant has presented a proper basis to withdraw his guilty plea is left to the sound discretion of the trial court. *Xie, supra,* at 526.

**{¶34}** Appellant claims the state breached, which caused him to withdraw his commitment to the plea agreements. However, the prosecution was very upfront at the time of the plea agreements and during the bond revocation hearing that its agreement to make certain sentencing recommendations was contingent upon Appellant's ability to stay out of trouble after the plea agreement was entered and before sentencing.

**{¶35}** Further, the May 4, 2021 bond revocation hearing confirms Appellant and his attorney were present before the judge per the state's renewed motion to revoke his bond filed April 30, 2021. The state urged the court to revoke his bond in light of his recent additional infraction. In addition to the several offenses charged in East Liverpool Municipal Court before Appellant's plea agreements were reached on April 28, 2021, Appellant was also facing an additional charge arising from an April 30, 2021 incident. The state advised the court Appellant was going to be charged with resisting arrest which had not yet been filed. At this same hearing, Appellant's counsel acknowledged Appellant knew he would be charged with resisting arrest the next day.

**{¶36}** Although the trial court here did not state it considered the requisite factors, nor did it detail its findings upon applying the applicable factors, it was not required to do so. *Id.* Upon our review of the necessary factors, this court agrees the trial court did not abuse its discretion in overruling Appellant's motion to withdraw his guilty pleas.

**{¶37}** In *State v. Calloway*, 7th Dist. Mahoning No. 10 MA 147, 2011-Ohio-4257, this court affirmed the trial court's decision overruling a motion to withdraw a guilty plea after weighing the relevant factors. Calloway had breached the agreement by demanding the state recommend a lower than agreed upon sentence. We also found Calloway had been given multiple opportunities to cooperate and satisfy his commitment to aid law enforcement in a murder and burglary investigation, but failed to do so. ¶ 10. We upheld the denial of Calloway's motion to withdraw his plea and held it was not reasonable to allow a defendant to withdraw his plea when the defendant breached the agreement first. *Id.*

Case No. 21 CO 0018, 21 CO 0019

{¶38} In *State v. West*, 9th Dist. Lorain No. 04CA008554, 2005-Ohio-990, ¶ 25, the Ninth District Court of Appeals addressed the denial of an oral motion to withdraw a plea agreement. During his sentencing hearing, West moved to withdraw his plea of guilty and alleged there was some possible evidence of his innocence. During the sentencing hearing, the court addressed the alleged new evidence and allowed both parties to make arguments on the issue before overruling the motion to withdraw and moving on to the sentencing aspect of the hearing. It found there was no new evidence as West had alleged, but he merely changed his mind about pleading guilty. *Id.* at ¶ 25-27. The Ninth District rejected West's arguments on appeal, explaining "[f]or Appellant to claim that he, as the party who breached the plea agreement, is entitled to benefit from his breach by withdrawing his guilty plea is akin to arguing that the party who breaches a contract should be rewarded for his breach. * * * It is fundamental that the law will not reward a breaching party." (Citations omitted.) *Id.* at ¶ 30.

{¶39} Like the defendants in *Calloway* and *West*, Appellant is complaining the state did not uphold its side of the plea agreement when Appellant had already breached the agreements based on his subsequent criminal charges before sentencing.

{¶40} Upon reviewing the applicable and requisite factors here, we agree with the trial court's decision and find no abuse of discretion. As for prejudice to the state, if Appellant were allowed to breach the plea agreement by not complying with its terms but then still obligate the state to make its agreed-upon, reduced sentencing recommendations, this would create bad precedent for the prosecution. It could lead to more defendants disregarding the terms of their release while out on bond pending sentencing and possibly fewer plea agreements.

{¶41} Further, Appellant was represented by an attorney throughout the proceedings, and there is no indication he was dissatisfied with that representation. Appellant and the trial court also engaged in the proper Crim.R. 11(C) colloquy when he entered his guilty pleas. The plea hearing shows Appellant was fully aware of the charges against him, the penalties he faced, and the rights he was foregoing by entering both plea agreements. The trial court verified he was entering his pleas knowingly and voluntarily. Appellant does not claim his pleas were involuntary; he was denied counsel; he had a defense; or he misunderstood the prison terms he was facing.

Case No. 21 CO 0018, 21 CO 0019

**{¶42}** The court likewise gave full and fair consideration to the motion to withdraw his plea agreements during sentencing. The court was well aware of the reason for the motion, discussed it, and gave both parties an opportunity to make arguments about it. The court determined Appellant's motion did not warrant allowing him to withdraw his plea agreements.

**{¶43}** The timing of Appellant's motion weighs in favor of denying it since Appellant orally moved to withdraw his pleas immediately after the state's recommendation at the sentencing hearing. The state recommended sentences different than those in the parties' written agreements in light of Appellant's failure to comply with the terms of the plea agreements. The timing of his motion was not reasonable in light of these facts.

**{¶44}** Last, Appellant does not contend actual innocence or that he had some other defense warranting the withdrawing of his plea agreements. He simply sought to avoid his plea agreements to avoid sentencing in light of the prosecutor's statement he could no longer make the agreed-upon recommendations.

**{¶45}** Appellant claimed the state breached the plea agreements; but he was the one who failed to abide by its terms. The reason and the timing weigh heavily against Appellant's argument. *See State v. Perez*, 7th Dist. Mahoning No. 12 MA 110, 2013-Ohio-3587, ¶ 21. Appellant was well aware of the terms of the plea agreements and his commitment to behave pending sentencing since this was enunciated at the plea hearing; included in both written plea agreements; and reiterated at the bond revocation hearing. (April 28, 2021 Plea Hearing Tr. 29.)

**{¶46}** Based on the foregoing, the trial court did not abuse its discretion by concluding Appellant did not present a "reasonable and legitimate basis" for withdrawing his plea agreements. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). The relevant factors weigh against granting the motion. The only reason the state did not abide by the plea agreements was because Appellant had already breached them. Accordingly, Appellant's second and third assignments of error lack merit and are overruled.

## Conclusion

**{¶47}** The trial court addressed the merits of Appellant's motion to withdraw his guilty pleas during his sentencing hearing, and it provided him the requisite full and fair hearing required. Thus, Appellant's first assigned error lacks merit.

**{¶48}** The trial court did not abuse its discretion by concluding Appellant did not present a "reasonable and legitimate basis" for withdrawing his pleas. Appellant failed to abide by his plea agreements, which resulted in the state's decision to recommend higher than agreed upon sentences in both cases. The weighing of the necessary and applicable factors supports the trial court's decision overruling Appellant's presentence motion to withdraw his guilty pleas. Appellant's second and third assigned errors lack merit.

**{¶49}** Because the trial court's decision comports with reason and is supported by the record, we affirm.


Donofrio, P J., concurs.

Waite, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**