DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Sandusky County Court of Common Pleas which dismissed appellant Jay L. Holt's petition for postconviction relief. For the reasons stated below, we affirm.
 {¶ 2} On March 16, 2000, a jury found appellant guilty of aggravated robbery in violation of R.C. 2911.01(A) (1), a felony of the first degree. He was sentenced to six years in prison. This court affirmed his conviction on March 23, 2001. State v. Holt (March 23, 2001), 6th Dist. No. S-00-021. Appellant filed a petition for postconviction relief on November 23, 2004 which the trial court dismissed on January 17, 2005. Appellant now appeals setting forth the following assignments of error:
 {¶ 3} "1. The Trial Court Committed Prejudicial Err [Sic] Dismissing Appellant's Petition for Post-Conviction Relief on the Basis of the State's Motion to Dismiss that was Filed Out of Rule in Violation of R.C. § 2953.21 (D).
 {¶ 4} "2. The Trial Court Committed Prejudicial Err [Sic] Dismissing Appellant's Petition for Post-Conviction Relief Finding the Petition was Untimely Contrary to R.C. 2953.23(A)(1)(B).
 {¶ 5} "3. Appellant Contends Err [Sic] Ensued when the Trial Court Failed to Properly Consider His Timely Filed Petition for Post-Conviction Relief that Raised a Blakely Sentencing Error Seeking Review Under the Second Teague v. Lane [489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed. 2d 334
(1989) Exception to Apply Blakely Retroactive to His Situation.
 {¶ 6} "4. Premised [Sic] on the Recent United States Supreme Court Decision's [Sic] in U.S.V. Booker, (7th Cir. 2004) and U.S. v. Fanfan, (2nd Cir. 2004), (Citation Omitted), this Court is Requested to Certify a Question to the Ohio Supreme Court Regarding Blakely's Retroactive Application to Senate Bill Two that Enacted Judicial Factfinding Absent Compliance with the Framer's Intent of the Sixth Amendment Right to Trial by Jury Under Ohio App.R. 25 (A)."
 {¶ 7} Appellant's four assignments of error will be addressed together. This court will only reverse a trial court's judgment in a postconviction hearing on an abuse of discretion basis. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St. 2d 151.
 {¶ 8} A petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2). Pursuant to R.C. 2953.23(A)(1), a court may consider an untimely petition for postconviction relief only if: "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, [subsequent to the time for filing a petition], the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right"; and "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 9} It is undisputed that appellant's petition for postconviction relief was untimely filed. Appellant contends that his timing was unavoidable because the United States Supreme Court did not decideBlakely v. Washington (2004), 124 S.Ct. 2531 until well after the time set by R.C. 2953.21. Appellant contends that in Blakely, id., the United States Supreme Court recognized a new federal right that applies retroactively to appellant's case. We disagree. This court has previously held that the decision does not apply to Ohio's indeterminate sentencing scheme. State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, at ¶ 18. Accordingly, the court did not abuse its discretion in dismissing appellant's petition for postconviction relief.
 {¶ 10} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Sandusky County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J., Concur.