JOURNAL ENTRY and OPINION
{¶ 1} Appellant Andre Foster appeals pro se from the trial court's denial of his petition for postconviction relief. Foster assigns the following errors for our review:
"I. The defendant was denied due process of law, due to the trial court failing to issue findings of fact and conclusions of law, by abuse of discretion [sic] to entertain the petitioner's postconviction pursuant [to R.C.] § 2953.21, § 2953.23."
"II. The sentence against the defendant, which involved consecutive multiple sentencing enhancements which were not found by a jury is unconstitutional under the holding of the United States Supreme Court Blakely v. Washington (2004),124 S.Ct. 2531 and U.S. v. Booker 2005 WL50108."
"III. The sentence of the defendant which involved sentencing enhancements `other' than the minimal prison term not found by a jury is unconstitutional under the holding of the United States Supreme Court Blakely v. Washington (2004), 124 S.Ct. 2531 andU.S. v. Booker (2005) WL 50108."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} In July 1997, Foster was indicted on two counts of rape for raping his five year-old cousin. Both counts included a sexually violent predator specification. Foster pled guilty to two amended counts of attempted rape, each carrying a sexually violent predator specification. The court sentenced Foster to a total sentence of ten years; Foster was automatically deemed to be a sexual predator.
 {¶ 4} Four years later, on March 25, 2002, Foster filed a motion to withdraw his plea, which the trial court denied. Foster appealed and this court affirmed the trial court's decision.[1]
 {¶ 5} On May 19, 2004, Foster filed another motion to withdraw his guilty plea. The trial court denied the motion. The trial court's denial of the motion was affirmed by this court.[2]
 {¶ 6} On February 9, 2005, Foster filed the petition for postconviction relief that is the subject of this appeal. He contended the United States Supreme Court cases of Blakely v.Washington[3] and United States v. Booker[4]
entitled him to postconviction relief. The State filed a motion for summary judgment in which it argued Foster's petition should be dismissed because it was untimely filed beyond the 180-day time limit proscribed in R.C. 2953.21. The trial court dismissed Foster's petition without opinion.
 UNTIMELY PETITION FOR POSTCONVICTION RELIEF {¶ 7} In his assigned errors, Foster contends the trial court erred by dismissing his petition and by not issuing findings of fact and conclusions of law. We disagree because Foster filed an untimely petition for postconviction relief.
 {¶ 8} Foster pursued a direct appeal. Therefore, to be timely, his petition for postconviction relief had to be filed within 180 days of the filing of the transcript in the court of appeals. In this case, the transcript was filed on June 17, 2002. Foster had 180 days from that date to file a timely petition for postconviction relief. However, Foster filed his petition on February 6, 2005, three-and-a-half years later. Accordingly, Foster's motion is untimely.
 {¶ 9} The trial court does not have jurisdiction to consider an untimely petition for postconviction relief unless the movant meets the requirements in R.C. 2953.23(A).[5] R.C.2953.23(A) provides in pertinent part:
"Whether a hearing is held or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
"(1) Both of the following apply:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence. R.C. 2953.23(A)(1)."
 {¶ 10} Thus, the dispositive issue as to whether the trial court has jurisdiction is whether Blakely represents the recognition of a new federal or state right that applies retroactively to Foster, thereby permitting him to file an untimely petition pursuant to R.C. 2953.23(A)(1)(a). We conclude that it does not.
 {¶ 11} The Court in United States v. Booker[6] held that the Court's ruling regarding the sentencing guidelines was not to be applied retroactively to cases on collateral review, but was to apply only to cases on direct review.[7]
Therefore, a Blakely argument cannot be the basis for a petition for postconviction relief because "a postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment."[8] Thus, Foster has not demonstrated that his petition for postconviction relief should be entertained, despite its untimeliness, pursuant to the exception found in R.C. 2953.23(A)(1). The trial court was, therefore, without jurisdiction to entertain his untimely petition for postconviction relief and properly dismissed it. Additionally, a trial court need not issue findings when the petition is untimely filed.[9]
 {¶ 12} Moreover, Foster argued in his petition for postconviction relief that the trial court's imposition of a consecutive and non minimum sentence violates the United States Supreme Court's holding in Blakely and Booker. This court in the en banc decisions of State v. Lett[10] and State v.Atkins-Boozer[11] held, respectively, that the court's imposition of consecutive and non minimum sentences does not implicate the Sixth Amendment as construed in Blakely. Our holdings in these cases naturally extend to Booker, which merely clarified the Blakely holding. Therefore, there was no basis for granting Foster's petition even if the trial court considered its merits.
 {¶ 13} Absent a showing of an abuse of discretion, a reviewing court will not overrule a trial court's decision on a petition for postconviction relief that is supported by the evidence and the record.[12] Based on the record before us, we conclude the trial court did not abuse its discretion when it denied Foster's petition. Therefore, Foster's assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Corrigan, J., concur.
[1] State v. Foster (Dec. 20, 2002), Cuyahoga App. No. 81309, 2002-Ohio-7072.
[2] State v. Foster, Cuyahoga App. No. 84851,2005-Ohio-1008.
[3] (2004), 542 U.S. 296.
[4] (2005), U.S., 125 S.Ct. 738, 160 L.Ed.2d. 621.
[5] State v. Warren (Dec. 14, 2000), Cuyahoga App. No. 76612;State v. Valentine (Dec. 7, 2000), Cuyahoga App. No. 77882;State v. Wheatt (Oct. 26, 2000), Cuyahoga App. No. 77292;State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058.
[6] Supra.
[7] Id. at 769.
[8] State v. Steffen (1994), 70 Ohio St.3d 399, 410, citingState v. Crowder (1991), 60 Ohio St.3d 151.
[9] State ex rel. Reynolds v. Basinger, 99 Ohio St.3d 303,2003-Ohio-3631; State ex rel. Kimbrough v. Greene,98 Ohio St.3d 116, 2002-Ohio-7042.
[10] 161 Ohio App.3d 274, 2005-Ohio-2665.
[11] (May 31, 2005), Cuyahoga App. No. 84151, 2005-Ohio-2666.
[12] State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102.