DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Dennis Schenk, appeals the judgment of the Erie County Court of Common Pleas dismissing his postconviction petition for relief from his sentence. The trial court denied his motion based on this court's holdings in State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217 (holding the right to jury trial under Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, does not apply to Ohio's sentencing scheme); and State v. Holt, 6th Dist. No. S-05-006,2005-Ohio-3597 (holding a petition for postconviction relief which is filed untimely and alleges only a Blakely violation cannot be considered).
 {¶ 2} Appellant challenges the dismissal through the following assignment of error:
 {¶ 3} "The trial court abused it's [sic] discretion in not granting the defendant's motion to correct an illegal (unconstitutional) sentence, for which the U.S. Supreme Court ruled, any fact other than the fact of a prior conviction that is necessary to enhance a sentence must either be stipulated to by the defendant or proved to a jury beyond a reasonable doubt."
 {¶ 4} On January 10, 2001, appellant pled guilty to two counts of gross sexual imposition. The prosecution entered a nolle prosequi to two counts of rape and two counts of sexual battery. At the March 5, 2001, sentencing hearing, appellant, by oral motion, attempted to withdraw his guilty plea based on ineffective assistance of counsel and requested new counsel. The trial court denied both motions, stating that appellant's counsel was not ineffective, considering the facts and circumstances of the case, and that appellant had ample time before sentencing to obtain alternate counsel to review his plea. Appellant was sentenced to a term of four years for each count of gross sexual imposition to be served consecutively.
 {¶ 5} On March 1, 2004, appellant filed a notice of delayed appeal. This court dismissed the appeal, finding that appellant failed to assert sufficient cause for his delayed appeal. Appellant then filed a motion for judicial release which was denied by judgment entry filed December 28, 2004.
 {¶ 6} On February 25, 2005, appellant filed a petition for postconviction relief. On March 16, 2005, appellant filed a "motion to correct an illegal sentence." On April 27, 2005, the trial court dismissed appellant's petition, stating only that the dismissal was based on this court's holdings in State v. Holt,
supra and State v. Curlis, supra.
 {¶ 7} The Supreme Court of Ohio held that "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus; see, also, State v. Bush (2002), 96 Ohio St.3d 235. Thus, the trial court correctly addressed both the petition and appellant's self-styled motion in the same judgment entry.
 {¶ 8} This court will only reverse a trial court's judgment in a postconviction hearing on a showing that the trial court abused its discretion. State v. Holt, supra, at ¶ 7. "The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151.
 {¶ 9} Pursuant to R.C. 2953.21(A)(2) a petition for postconviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.23(A)(1) allows a court to consider an untimely petition only if: "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right" and "(b) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 10} Appellant's petition only asserts the decision inBlakely v. Washington as the basis for relief. Since we have held that Blakely's protections do not apply to Ohio's sentencing statutes, see State v. Curlis, supra, the issuance of Blakely does not support an untimely filing of a postconviction petition. State v. Holt, supra. Discretionary appeals raising the issue of Blakely's application to Ohio sentencing law are pending before the Supreme Court of Ohio. SeeState v. Quinones, 8th Dist. No. 83720, 2004-Ohio-4485; andState v. Foster, 5th Dist. No. 03-CA-95, 2004-Ohio-4209.
 {¶ 11} Based on the foregoing, appellant's assignment of error is not well-taken and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., concur.