DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Dennis Schenk, has applied for reconsideration of our February 24, 2006 decision affirming the trial court's denial of his petition for postconviction relief. For the following reasons, the application for reconsideration is denied.
 {¶ 2} Applications for reconsideration pursuant to App.R. 26 are reviewed to determine whether "the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." Matthews v. Matthews (1981), 5 Ohio App.3d 140, paragraph two of the syllabus.
 {¶ 3} On February 27, 2006, the day which our decision was entered upon the journal, see 6th Dist.Loc.App.R. 4, the Supreme Court of Ohio decided State v. Foster (2006), ___ Ohio St.3d ___, 2006-Ohio-856, which held that Ohio's sentencing statutes offended Blakely v. Washington (2004), 524 U.S. 296, insofar as they require fact-finding by the sentencing court before imposing consecutive sentences, enhanced sentences over the maximum sentence for repeat violent offenders and major drug specifications, and in some circumstance, the minimum sentence allowable.
 {¶ 4} At a sentencing hearing on March 5, 2001, and through judgment entry filed March 12, 2001, appellant was sentenced to a term of four years for each of two counts of gross sexual imposition. Appellant filed a "motion to correct an illegal sentence" which was denied by the trial court on April 17, 2005, based on our holdings in State v. Holt, 6th Dist. No. S-05-006,2005-Ohio-3597, and State v. Curlis, 6th Dist. No. WD-04-32,2005-Ohio-1217. Our affirmance of February 27, 2006, recognized that appellant's petition was untimely:
 {¶ 5} "Pursuant to R.C. 2953.21(A)(2) a petition for postconviction relief must be filed `no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction.' R.C. 2953.23(A)(1) allows a court to consider an untimely petition only if: `(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right' and `(b) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.'"
 {¶ 6} We expressly affirmed the denial of his petition based on Holt and Curlis.
 {¶ 7} Appellee agrees with appellant that the Ohio Supreme Court's decision in Foster requires us to vacate his sentence and remand the case for the sole purpose of resentencing. IfFoster, Blakely, and their companion cases were retroactively applicable to cases not pending on direct review, then untimely postconviction petitions for relief from sentencing must be heard. However, such is not the case. Although Ohio's sentencing statutes were severed as unconstitutional, the foregoing decisions were expressly limited to cases pending on direct review.
 {¶ 8} In State v. Foster, 8th Dist. No. 86155,2005-Ohio-6625, a defendant's untimely postconviction petition was denied based on pronouncement that expressly appliedBlakely only to cases pending on direct review. "The Court inUnited States v. Booker held that the Court's ruling regarding the sentencing guidelines was not to be applied retroactively to cases on collateral review, but was to apply only to cases on direct review. Therefore, a Blakely argument cannot be the basis for a petition for postconviction relief because `a postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment.'" Id. at ¶ 11, citing U.S. v. Booker (2005),543 U.S. 220, 268. See, also, State v. Foster, 2006-Ohio-856, at ¶ 104.
 {¶ 9} Thus, the Ohio Supreme Court's ruling in State v.Foster, 2006-Ohio-856, does not create a right cognizable under R.C. 2953.23(A)(1) and untimely postconviction petitions will not be heard where a violation of Blakely and a request for resentencing is the sole issue raised. As in State v. Foster,2005-Ohio-6625, the trial court properly dismissed appellant's untimely petition since he requested resentencing solely upon the authority of Blakely and its companion cases.
 {¶ 10} In light of the foregoing principles, appellant's application for reconsideration is denied.
Application denied.
Pietrykowski, J. Skow, J. Parish, J. concur.