DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which denied the motion of defendant-appellant, Robert Flanigan, to correct an improper sentence.
 {¶ 2} On June 10, 2002, appellant was sentenced to a total term of incarceration of 11 years and five months after pleading guilty to four counts of robbery. Appellant filed a direct appeal with this court. In a decision and judgment entry of September 30, 2003, we affirmed appellant's conviction and sentence. Thereafter, on June 6, 2005, appellant filed in the court below a motion to correct improper sentence on the grounds enunciated by the United States Supreme Court in Blakely v. Washington
(2004), 542 U.S. 296, and its progeny. The lower court denied the motion, properly considering it as a petition for postconviction relief. Appellant now challenges that judgment through the following assignments of error:
 {¶ 3} "Assignment of Error Number 1
 {¶ 4} "The trial court violated the United States Constitution to the prejudice of Mr. Flanigan by refusing to correct his improper sentence based on the protections of theSixth Amendment, which prohibits the trial court from making any additional 2929.14(B)(2) findings after Flanigan's plea had been accepted.
 {¶ 5} "Assignment of Error Number 2
 {¶ 6} "The trial court violated the United States Constitution to the prejudice of Mr. Flanigan by refusing to correct his improper sentence based on the protections of theSixth Amendment, which prohibits the trial court from imposing a prison term longer than the minimum for Flanigan's first prison term.
 {¶ 7} "Assignment of Error Number 3
 {¶ 8} "The trial court violated the United States Constitution to the prejudice of Mr. Flanigan by refusing to correct his improper sentence based on the protections of theSixth Amendment, which prohibits the trial court from making any additional 2929.14(B)(2) findings to enhance Flanigan's sentence at his sentencing hearing."
 {¶ 9} This court has recently held that the United States Supreme Court's holding in Blakely and the Ohio Supreme Court's holding in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, do not apply retroactively to untimely filed petitions for postconviction relief, and that trial courts are without jurisdiction to consider untimely filed petitions that only allege claims based on Blakely. State v. Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-____. Appellant's petition was clearly untimely under R.C. 2953.21(A)(2) and only alleged claims based on Blakely. Accordingly, the trial court was without jurisdiction to consider the motion and did not err in denying appellant's motion to correct improper sentence. The three assignments of error are not well-taken.
 {¶ 10} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., concur.