DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated pro se appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant's pro se "Motion for the Vacating and Correction of Sentence." For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following as his assignments of error:
 {¶ 3} "1.) Abuse of Discretion
 {¶ 4} "2.) Constitutional Rights violation. 2. (Sixth Amendment)." *Page 2 
 {¶ 5} On November 8, 2001, appellant was indicted on five counts of rape in violation of R.C. 2907.02(A)(1)(b). On March 4, 2002, appellant pled guilty to two of the counts; the remaining three counts were dismissed at sentencing. On April 8, 2002, appellant was sentenced to three years incarceration on each count, with the sentences to be served consecutively. Appellant was found to be a sexually oriented offender pursuant to R.C. Chapter 2950.
 {¶ 6} On April 20, 2006, appellant filed a pro se motion asking the trial court to vacate and correct his sentence. On June 27, 2006, the trial court summarily denied the motion and on July 25, 2006, appellant filed this appeal.
 {¶ 7} Appellant asserted in his motion to vacate, as he does on appeal, that his sentence did not comply with State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. We note at the outset that in Foster, the Ohio Supreme Court stated that its holding applied to all cases pending on appeal at the time of its release on February 27, 2006. Clearly, appellant's appeal was not pending at that time. Further, rather than explain how his sentence may have failed to comply with the holding inFoster, appellant simply argues that his sentence was improper because it was "way above the minimum sentence required * * *." He argues that he was "entitled" to minimum, concurrent sentences. Appellant was convicted of two first-degree felonies. The statutory range for that level of offense is three to ten years. Appellant received the minimum sentence on each count. This argument is without merit.
 {¶ 8} Finally, this court notes that appellant's motion to vacate was a postconviction motion subject to time restrictions for filing set forth in R.C. *Page 3 2953.21(A)(1)(b)(2). Under that statute, appellant's time for filing a challenge to his sentence expired 180 days after the time for filing his original notice of appeal ran, which would have been in 2003. Appellant's motion was not timely filed.
 {¶ 9} For the foregoing reasons, this court finds that the trial court did not err by denying appellant's motion to vacate his sentence and appellant's first and second assignments of error are not well-taken.
 {¶ 10} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1