DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which dismissed a petition for postconviction relief filed by appellant, Daniel Ulis.
 {¶ 2} The following facts are relevant to this appeal. On May 2, 2002, appellant was indicted by the Lucas County Grand Jury for crimes which occurred on March 1, 2002. Count 1 charged appellant with possession of over 100 grams of crack cocaine in *Page 2 
violation of R.C. 2925.11(A) and (C)(4)(f). Count 2 charged appellant with trafficking in over 1,000 grams of cocaine in violation of R.C.2925.03(A) and (C)(4)(g). Both counts are first degree felonies, each carrying a specification under R.C. 2941.1410 that appellant is a major drug offender.
 {¶ 3} On December 12, 2002, appellant withdrew his previous plea of not guilty and pled no contest to the lesser included offense in Count 1 of the indictment: possession of crack cocaine in violation of R.C.2925.11(A) and (C)(4)(e), a first degree felony. Pursuant to a plea agreement, Count 2 of the indictment was dismissed. The trial court subsequently found appellant guilty and, on March 20, 2003, sentenced him to a mandatory six years[1] in prison. Appellant did not appeal his conviction and sentence.
 {¶ 4} On December 28, 2004, appellant filed a pro se motion for judicial release that was denied by the trial court on January 11, 2005. On April 27, 2006, appellant filed a "Motion to Vacate and Correction of Sentence." On June 9, 2006, the trial court entered an order denying the motion on the grounds that the issues should have been addressed in a direct appeal within 30 days of appellant's sentencing. On July 11, 2006, appellant filed his notice of appeal. He asserts the following "Questions of Law," which we construe as his assignments of error: *Page 3 
 {¶ 5} "Did the trial court violate defendant's Sixth Amendment right to a jury when it subjected the defendant to judicial factfindings [sic] in violation of the United States Constitution resulting in a non-minimum sentence?"
 {¶ 6} "Did the trial court err by failing to hold an evidentiary hearing and denying defendant/appellant's post-conviction relief petition?"
 {¶ 7} In his first assignment of error, appellant argues that the trial court violated his Sixth Amendment right to a jury trial by engaging in judicial factfinding when it imposed a nonminimum sentence. Generally, there are two means by which a defendant may challenge a judgment of conviction or sentence. First, a defendant may file a direct appeal within 30 days of the judgment entry on sentencing under App.R. 4(A). Second, a defendant may file a petition for postconviction relief pursuant to R.C. 2953.21.
 {¶ 8} In the present case, appellant filed the motion to vacate and correct his sentence as being unconstitutional and, therefore, void. There is no statutory or procedural rule authorizing such a motion.State v. Caldwell, 3d No. 11-05-07, 2005-Ohio-5375, ¶ 8. Nevertheless, a motion to correct a sentence as being void, e.g., unconstitutional, or voidable may be construed as a petition for postconviction relief.State v. Reynolds (1997), 79 Ohio St.3d 158, 160-161. Accordingly, we find that appellant's motion is, in essence, a petition for postconviction relief brought pursuant to R.C. 2953.21.
 {¶ 9} R.C. 2953.21(A)(2) sets forth time limits in which a petition for postconviction relief may be brought. If no direct appeal is taken, a petition for *Page 4 
postconviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. Appellant's sentence was journalized on March 25, 2003. He filed his petition for postconviction relief on April 27, 2006. Clearly, appellant's filing of his R.C. 2953.21 petition was untimely, that is, it was filed more than 180 days from the date appellant's direct appeal was required to be filed. A trial court may, however, hear a petition for postconviction relief that is filed beyond the time limits set forth in R.C.2953.21(A)(2) if the movant meets the both of the requirements in R.C.2953.23(A). State v. Foster, 8th Dist. No. 86155, 2005-Ohio-6625, ¶ 9, appeal not allowed by State v. Foster, 98 Ohio St.3d 1540.
 {¶ 10} Therefore, in the case under consideration, appellant needed to: (1) demonstrate either that he was unavoidably prevented from discovering the facts upon which he relied for his claim, or subsequent to the period prescribed in R.C. 2953.21(A)(2) the United States Supreme Court recognized a new state or federal right that applies retroactively to a person in petitioner's position and his or her petition asserts a claim based on that right; and (2) show, by clear and convincing evidence, "that but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(a) and (A)(1)(b).
 {¶ 11} With regard to R.C. 2953.23(A)(1)(a), it is undisputed that the trial court imposed a nonminimum sentence on an offender who had previously never served a prison sentence, and was, therefore, under prior Ohio law, required to make certain *Page 5 
judicial factual findings. See State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraph two of the syllabus. Thus, as to the second alternative provision in R.C. 2953.23(A)(1)(a), appellant does raise a new state or federal right under Apprendi v. New Jersey (2000),530 U.S. 466, Blakely v. Washington, (2004), 542 U.S. 296, and State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 12} In Blakely and its progeny, the United States Supreme Court found that judicial factfinding in sentencing a defendant violated an offender's Sixth Amendment right to a jury trial. See Foster,109 Ohio St.3d 1, 2006-Ohio-856, paragraphs one and two of the syllabus. InFoster, the Ohio Supreme Court followed Blakely, severed provisions requiring judicial factfinding from Ohio's sentencing code, and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing without reliance on the severed statutory provisions. Id., ¶ 103-104. The United States Supreme Court also limited its holding in Apprendi and Blakely concerning sentencing guidelines to cases on direct review. State v. Padilla-Montano, 6th Dist. No. L-05-1099,2006-Ohio-115, ¶ 14 (Citations omitted.). Therefore, Apprendi,Blakely, and Foster, are not applicable to actions brought pursuant to a petition for postconviction relief. Id. Consequently, appellant failed to satisfy R.C. 2953.23(A)(1)(a), and the trial court could not consider the merits of appellant's untimely petition for postconviction relief. Appellant's first assignment of error is found not well-taken, and his second assignment of error is, thereby, rendered moot. *Page 6 
 {¶ 13} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., and Thomas J. Osowik, J., CONCUR.
[1] Violations of R.C. 2925.11(A) and (C)(4)(e) require that the imposition of one of terms of imprisonment, including a minimum sentence, for a first degree felony be mandatory. The mandatory six year sentence imposed on appellant is not the minimum sentence allowed for a first degree felony. See R.C. 2929.14(A)(1). *Page 1