DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Marquis L. Harris, appeals the judgment of the Lucas County Court of Common Pleas, which denied his motion for postconviction relief on August 31, 2006.
 {¶ 2} Appellant pled guilty on June 28, 2005, to trafficking in crack cocaine, in violation of R.C. 2925.03(A)(1) and (C)(4)(f), and aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(b). On July 27, 2005, appellant was sentenced *Page 2 
to a five-year prison term on the trafficking count and a three-year prison term on the aggravated possession count. Appellant filed a motion for postconviction relief pursuant to R.C. 2953.21 in the Lucas County Court of Common Pleas on December 27, 2005, and the court denied the motion without a hearing on August 31, 2006. Appellant raises the following assignments of error:
 {¶ 3} "THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY FAILING TO GRANT AN EVIDENTIARY HEARING IN HOLDING THAT PETITIONERS POST-CONVICTION RELIEF PETITION WAS UNTIMELY.
 {¶ 4} "THE TRIAL COURT VIOLATED APPELLANT'S SIXTH AMENDMENT RIGHT TO A JURY BY ENGAGING IN UNCONSTITUTIONAL JUDICIAL FACTFINDINGS RESULTING IN NON-MINIMUM SENTENCES."
 {¶ 5} We review the lower court's findings using the abuse of discretion standard. State v. Stone, 2nd Dist. No. 06-CA-0026,2007-Ohio-801, ¶ 12. The abuse of discretion standard "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id. at ¶ 12, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 6} We note at the outset that appellant timely filed his motion for postconviction relief, contrary to the finding of the lower court. Appellant was sentenced on July 27, 2005, and filed his motion for postconviction relief on December 27, 2005, well within 180 days of the expiration of the time for filing an appeal as required by R.C. *Page 3 2953.21(A)(2); however, the lower court did reach the merits of appellant's motion in its judgment, which we address below.
 {¶ 7} We consider appellant's assignments of error jointly to determine whether the lower court erred in denying appellant's motion for postconviction relief without a hearing. In State v. Calhoun, the Ohio Supreme Court held that a criminal defendant filing a motion for postconviction relief "is not automatically entitled to a hearing."State v. Calhoun (1999), 86 Ohio St.3d 279, 282-283. Rather, the court must determine whether the petitioner has presented substantive grounds for relief. Id.
 {¶ 8} Appellant asserted in his motion for postconviction relief, as he does on appeal, that the judicial factfinding which occurred at his sentencing violated his constitutional rights. In State v. Foster, the Ohio Supreme Court held that "judicial factfinding in sentencing a defendant violated an offender's Sixth Amendment right to a jury trial."State v. Ulis, 6th Dist. No. L-06-1221, 2007-Ohio-1192, at ¶ 12;State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. However,Foster only applies retroactively to sentencing cases on direct review, not actions for postconviction relief, and the lower court made findings accordingly. Ulis, at ¶ 12. Since Foster does not apply to appellant's motion for postconviction relief, appellant failed to present substantive grounds for relief. Therefore, the lower court did not err in denying appellant's motion for postconviction relief without a hearing. Appellant's two assignments of error are not well-taken.
 {¶ 9} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for *Page 4 
the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Thomas J. Osowik, J.
 CONCUR. *Page 1