DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that denied the motion of pro se defendant-appellant, Jomoko Tamboura Graves, to correct and vacate his sentence.
 {¶ 2} On February 13, 2002, appellant was sentenced to a total of 11 years in prison after he was found guilty of one count of trafficking in drugs in violation of R.C. 2925.03(A) and (C)(4)(g), with a major drug offender specification, and one count of *Page 2 
possession of drugs in violation of R.C. 2925.11(A) and (C)(4)(f), also with a major drug offender specification. Both offenses were first degree felonies. This court affirmed appellant's convictions and sentences in a decision and judgment entry of May 9, 2003. State v.Graves, 6th Dist. No. L-02-1053, 2003-Ohio-2359.
 {¶ 3} On December 29, 2006, appellant filed in the court below a pro se "motion for correction and vacating of sentence," in which he asserted that his sentence was unconstitutional pursuant to Blakely v.Washington (2004), 542 U.S. 296, Apprendi v. New Jersey (2000),530 U.S. 466, and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, because of fact finding made by the sentencing court. The lower court construed appellant's motion as a petition for postconviction relief and denied the petition as untimely. Appellant now challenges that judgment through the following assignment of error:
 {¶ 4} "Trial court erred when it denied and dismissed defendants-appellant's [sic] motion for correction and vacating sentence as untimely."
 {¶ 5} In Foster, supra, the Supreme Court of Ohio held that R.C.2929.14(D)(2)(b) and (D)(3)(b), as well as other sections of the Ohio Revised Code, violate the Sixth Amendment to the United States Constitution, pursuant to Blakely, supra and Apprendi, supra. The court then held that severance of the offending portions of the sentencing statute was the proper remedy, Foster, supra at ¶ 96, and that the cases before the court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the court's opinion. Id. at ¶ 104. That is, *Page 3 
consistent with the United States Supreme Court's holding in UnitedStates v. Booker (2005), 543 U.S. 220, the court in Foster only applied its holding retroactively to cases pending on direct review or not yet final. Id. at ¶ 106.
 {¶ 6} The Supreme Court of Ohio has held that "[w] here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus; see, also,State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993. Because appellant, subsequent to his appeal, challenged the constitutionality of his sentence, the lower court properly considered the motion as a petition for postconviction relief. Accordingly, appellant was required to comply with R.C. 2953.21(A)(2), which reads:
 {¶ 7} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." *Page 4 
 {¶ 8} Appellant's petition was clearly untimely. Pursuant to R.C.2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for postconviction relief unless both of the following apply:
 {¶ 9} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 10} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 11} As we stated above, in Booker, supra, the United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review. Similarly, in Foster, the Supreme Court of Ohio limited the retroactive application of that decision to cases on direct review. Moreover, this court has consistently held that the law set forth inBlakely, Apprendi, and Foster, does not apply to petitions for postconviction relief. See State v. Ulis, 6th Dist. No. L-06-1221,2007-Ohio-1192; State v. Ayers, 6th Dist. No. *Page 5 
E-05-079, 2006-Ohio-5108. Accordingly, appellant did not make the requisite showing to file an untimely petition for postconviction relief and the trial court was without jurisdiction to review the petition.
 {¶ 12} The sole assignment of error is not well-taken.
 {¶ 13} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1