DECISION AND JUDGMENT ENTRY
{¶ 1} This is a pro se appeal from the order of the Lucas County Court of Common Pleas, denying appellant's "Post Conviction Petition to Vacate and Correct Sentence." Because we conclude that the trial court correctly dismissed appellant's petition for postconviction relief, we affirm. *Page 2 
 {¶ 2} On April 10, 2003, appellant, Gilberto Maldonado,[1] pled guilty to two first degree felonies; trafficking in drugs, and possession of drugs; and a fifth degree felony; possession of criminal tools. The trial court accepted the plea and sentenced appellant to nine year terms of incarceration for each first degree felony, and one year for the fifth degree felony to be served concurrently.
 {¶ 3} On June 17, 2003, appellant filed a direct appeal from his convictions. This court affirmed the trial court's judgment on June 11, 2004. State v. Moldonado, 6th Dist. No. L-03-1166, 2004-Ohio-3001.
 {¶ 4} On June 21, 2006, appellant filed a postconviction petition to vacate and correct sentence. Appellant claimed his sentence was unconstitutional in light of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. The trial court concluded that it was without jurisdiction to hear appellant's petition, and that Foster applies only to direct appeals. The trial court based its legal conclusions on recent Sixth District Court of Appeals cases: State v. Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399; State v. Flanigan, 6th Dist. No. L-05-1309,2006-Ohio-1621; State v. Miller, 6th Dist. No. L-06-1235, 2007-Ohio-750.
 {¶ 5} Appellant now challenges the trial court's judgment, but fails to set forth any express assignment of error. Appellant asserts that the trial court's judgment was a violation of his Sixth Amendment rights: "On April 10, 2003, the courts [sic] violated this appellants [sic] rights by imposing a non-minimum sentence on this first-time offender, without presenting sentencing facts, or factors, to a jury." *Page 3 
 {¶ 6} Appellant fails to include any applicable case law because he believes "the matters presented herein are strictly issues of infringement on this appellants [sic] constitutional rights, and this appellant would not want this court to think that any recent Ohio case decisions could `control' the application of these rights." Notwithstanding appellant's novel assertion, intermediate appellate courts are required to follow the decisions of the Ohio Supreme Court.State v. Kincaid (1992), 83 Ohio App.3d 341, 347.
 {¶ 7} Appellant argues that the trial court's use of judicial factfinding violated his Sixth Amendment right to a jury. "Generally, there are two means by which a defendant may challenge a judgment of conviction or sentence. First, a defendant may file a direct appeal within 30 days of the judgment entry on sentencing under App.R. 4(A). Second, a defendant may file a petition for postconviction relief pursuant to R.C. 2953.21." State v. Ulis, 6th Dist. No. L-06-1221,2007-Ohio-1192, ¶ 7. Appellant appealed his conviction directly, but failed to challenge his sentence as a violation of his Sixth Amendment rights. See State v. Moldonado, 6th Dist. No. L-03-1166, 2004-Ohio-3001, ¶ 2-3.
 {¶ 8} The doctrine of res judicata applies to petitions for postconviction relief. State v. Perry (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus. Res judicata bars the convicted defendant from raising and litigating any defense or claimed lack of due process that could have been raised on an appeal of that judgment. See Id. Appellant's failure to challenge his sentence on appeal thereby bars his claim.
 {¶ 9} Even if appellant's claim was not barred, his petition for postconviction relief must be timely under the R.C. 2953.21(A)(2), or in the alternative, the trial court *Page 4 
must have authority to hear appellant's untimely petition for postconviction relief under R.C 2953.23(A)(1).
 {¶ 10} R.C. 2953.21(A)(2) provides in pertinent part: "A petition under [R.C. 2953.23(A)(1)] shall be filed no later than one hundred and eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction of adjudication * * *." Appellant filed his petition more than three years after his direct appeal.
 {¶ 11} Nevertheless, a court is given authority to hear an untimely filed petition if both of the following apply:
 {¶ 12} "* * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 13} "The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C 2953.23(A)(1)(a) and (A)(1)(b).
 {¶ 14} Appellant raises a new state or federal right to be applied retroactively in accordance with R.C. 2953,23(A)(1)(a) underApprendi v. New Jersey (2000), 530 U.S. 466, Blakely v. Washington
(2004), 542 U.S. 296, and State v. Foster, 109 Ohio St.3d 1,2006-Ohio-865. *Page 5 
 {¶ 15} The court in Foster held that judicial factfinding in sentencing a defendant violated the offender's Sixth Amendment right to a jury trial pursuant to Blakely and Apprendi. See paragraph one and two of the syllabus. In Foster, the "Ohio Supreme Court followedBlakely, severed provisions requiring judicial factfinding from Ohio's sentencing code, and instructed that all cases pending directreview in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing without reliance on the severed statutory provisions." (Emphasis added) Ulis, at ¶ 12; quotingFoster, at ¶ 103-104. Because Foster only applies to cases on direct review, the trial court correctly concluded that Foster does not apply to petitions for postconviction relief. See State v. Graves, 6th Dist. No. L-07-1041, 2007-Ohio-4713; State v. Kelly, 6th Dist. No. L-05-1237,2006-Ohio-1339; State v. Flanigan, 6th Dist. No. L-05-1309,2006-Ohio-1621. Because appellant filed a petition for postconviction relief, he did not make the requisite showing to file an untimely petition for postconviction relief and the trial court was without authority to review the petition. Kelly, at ¶ 12; Graves, at ¶ 11.
 {¶ 16} Accordingly, what we construe as appellant's sole assignment of error is not well-taken.
 {¶ 17} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. *Page 6 
24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeals is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR.
[1] Appellant's name is also spelled "Moldonado" in the record. 2. *Page 1